STATE OF CONNECTICUT *v.* WILFRED HART
(9511)

DALY, O'CONNELL and NORCOTT, Js.

Argued September 11—decision released December 10, 1991

*Kenneth A. Leary,* for the appellant (defendant).

*C. Robert Satti, Sr.,* state's attorney, with whom, on the brief, was *Marcia A. Pillsbury,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from his conviction, after a jury trial, of several crimes[1] arising from his sexual contacts with two underage girls.[2] The sole issue on appeal is the propriety of admitting into evidence the testimony of a third female regarding sexual involvement with the defendant at a time when she was underage. We affirm the trial court's judgment.

The following facts are relevant. The defendant was charged with various crimes of sexual misconduct. The victim, J, was fourteen years old when she moved into the defendant's home. J's parents were separated at that time and her mother consented to J's living at the

---

[1] The defendant was convicted of four counts of sexual assault in the second degree, four counts of injury or risk of injury to or impairing the morals of a child, threatening, tampering with a witness, bribery of a witness, sexual assault in the first degree and accessory to sexual assault in the second degree.

[2] Although the defendant was charged with various sex related offenses involving two victims, the two cases were consolidated for trial. The evidence at issue in this appeal was offered only in the case involving J as the victim and was only permitted to be considered by the jury in the two counts of sexual assault in the second degree and two counts of injury or risk of injury to or impairing the morals of a child.

defendant's house. J's testimony detailed four incidents of sexual contact with the defendant.

During trial, the state notified the court that it intended to offer the testimony of C to testify about prior uncharged sexual misconduct committed by the defendant with her. In order to determine similarities between the proffered evidence and the testimony of the victim, the trial court heard the testimony out of the presence of the jury and ruled that the evidence would be admitted. The defendant excepted and this appeal followed.

C testified that she was fourteen years old when she met the defendant, who invited her to move into his home, and that she and the defendant had sexual intercourse numerous times during this period. Her testimony included details of their sexual relationship.

The issue before this court is the propriety of admitting C's testimony as prior uncharged misconduct evidence. "Although as a general rule such evidence is inadmissible as proof of the . . . crime charged based on [the defendant's] propensity to commit crimes, it is admissible for many other purposes, such as proof of intent, identity, malice, motive, a system of criminal activity, or an element of the crime." *State* v. *Mooney,* 218 Conn. 85, 126, 588 A.2d 145 (1991). Although such evidence may prove the commission of other crimes by the accused, that alone does not render the evidence inadmissible as long as the evidence is material and relevant. *State* v. *Jenkins,* 24 Conn. App. 330, 335, 588 A.2d 648, cert. denied, 219 Conn. 903, 593 A.2d 132 (1991); see also 29 Am. Jur. 2d, Evidence § 325.

Furthermore, the probative value of the uncharged misconduct evidence must outweigh its prejudicial effect. *State* v. *Jenkins,* supra, 337. Such a balancing test is relegated to the sound discretion of the trial court. On appeal, review " 'is limited to whether the

trial court's rulings exceeded the latitude accorded its discretion in such matters. . . . Every reasonable presumption should be given in favor of the trial court's ruling.' " (Citation omitted.) *State* v. *Sierra,* 213 Conn. 422, 435, 568 A.2d 448 (1990).

In the present case, the trial court articulated careful findings, detailing the similarities between the uncharged misconduct testimony and the testimony of the victim and concluded that these similarities coupled with only a few dissimilarities were sufficient to prove the existence of a common scheme or design. No useful purpose would be served by our rehashing in this opinion the sexual activities of these two underage females.

The findings are supported by the record and represent determinations within the discretion of the trial court. We conclude that the trial court did not abuse its discretion by admitting the testimony of C into evidence.

The judgment is affirmed.