STATE OF CONNECTICUT *v.* CHARLES BELLINO
(14802)

PETERS, C. J., BORDEN, BERDON, NORCOTT and SANTANIELLO, Js.

Argued January 4—decision released February 1, 1994

*Lauren Weisfeld,* assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *Michael Dearington,* state's attorney, and, on the brief, *John Waddock,* assistant state's attorney, for the appellee (state).

PER CURIAM. The sole issues in this criminal appeal concern the adequacy of the trial court's instructions on self-defense. A jury convicted the defendant, Charles Bellino, of manslaughter in the first degree, attempted assault in the first degree and carrying a pistol without a permit. In *State* v. *Bellino,* 31 Conn. App. 385, 389–96, 625 A.2d 1381 (1993), the Appellate Court concluded that the trial court's instructions on self-defense had not violated the defendant's constitutional rights.

We granted the defendant's petition for certification to appeal the merits of this conclusion.[1]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[1] We granted the defendant's petition for certification to appeal limited to the following issues:

"1. Whether the Appellate Court properly held that the instructions on self-defense, General Statutes § 53a-19, did not abuse the court's discretion, where it did not instruct on the statutory duty to retreat and the limitations on that duty?

"2. Whether the Appellate Court properly held that the instructions on self-defense, relative to the subjective-objective test employed by the jury in evaluating the degree of force used, were correct?" *State* v. *Bellino,* 226 Conn. 917, 628 A.2d 988 (1993).