## STATE OF CONNECTICUT *v.* RALPH BYRD
### (14966)

Callahan, C. J., and Berdon, Norcott, Katz and Peters, Js.

Officially released December 3, 1996

*Louis S. Avitabile,* special public defender, for the appellant (defendant).

*Mary H. Lesser,* assistant state's attorney, with whom were *Margaret Gaffney Radionovas,* assistant state's attorney, and, on the brief, *John A. Connelly,* state's attorney, and *Robert Brunetti,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Ralph Byrd, was convicted after a jury trial of manslaughter for the stabbing death of his brother. At the defendant's trial, the court admitted into evidence, for impeachment purposes, a statement made to the police by the defendant shortly after the crime had taken place. In making its ruling, the trial court determined that the defendant's state-

ment was voluntary.[1] The defendant appealed to the Appellate Court claiming, inter alia, that the statement was involuntary within the meaning of article first, § 8, of the state constitution and, therefore, that the trial court had improperly admitted it into evidence for impeachment purposes. *State* v. *Byrd*, 34 Conn. App. 368, 379, 641 A.2d 818 (1994). In connection with his claim, the defendant argued that the voluntariness determination under article first, § 8, should be governed by the totality of the circumstances test set forth in *State* v. *Smith*, 200 Conn. 465, 477, 512 A.2d 189 (1986),[2] rather than by the test espoused in *Colorado* v. *Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986), which requires coercive police conduct as a predicate to finding that a confession is not voluntary under the federal constitution. *State* v. *Byrd*, supra, 380–81. The Appellate Court declined to reach the defendant's state constitutional claim, concluding that the record was inadequate to review it. Id., 382.

We granted certification to consider, inter alia, whether the record was sufficient to review the defendant's state constitutional claim and, if it was, whether the defendant should have prevailed on that claim. We concluded that it was unclear whether, in determining that the defendant's statement was voluntary, the trial court had applied the test in *Connelly*, or the totality of the circumstances test in *Smith*. *State* v. *Byrd*, 233 Conn. 517, 522–23, 659 A.2d 1201 (1995). Accordingly, we remanded the case to the trial court for the "purpose of articulating whether it found the defendant's statement to be voluntary because of the absence of police misconduct, or on the basis of the totality of the circum-

---

[1] The trial court did not specify whether it was deciding the voluntariness issue under the state or the federal constitution.

[2] *State* v. *Smith*, supra, 200 Conn. 465, was decided by this court prior to the publication of *Colorado* v. *Connelly*, supra, 479 U.S. 167. *Smith* was decided solely on federal constitutional grounds.

stances" and, if it employed the latter standard, to "articulate specifically what facts it relied upon in making that finding." Id., 523.

On July 8, 1996, the trial court responded to our order for articulation stating that it had determined that the defendant's statement to the police was voluntary under the pre-*Connelly* totality of the circumstances test used in *Smith*. The court further stated that it had relied on the following facts in reaching its conclusion: "(a) [the] defendant [was] given time by police to calm himself; (b) police provided the defendant with food and coffee; (c) [the] defendant [was] allowed contact with family members who were present; (d) police did not restrain the defendant (handcuffs not applied); (e) [the] defendant was calm, spoke freely, and did not exhibit slurred or incoherent speech; (f) [the] defendant appeared to understand all questions, was responsive thereto, and, as to such, did not refuse to answer any; and (g) [the] defendant had no difficulty completing [the] *Miranda*[3] waiver form by correctly initialing the form where required."

Because the trial court in this case applied the pre-*Connelly* totality of the circumstances test that the defendant had urged it to adopt as the voluntariness standard under the state constitution, we need not decide whether, as a general matter, the standard for voluntariness under article first, § 8, is different from the federal standard enumerated in *Connelly*. The defendant's sole remaining claim in the present appeal is that the record does not support the trial court's finding of voluntariness. We disagree.

"The state bears the burden of proving the voluntariness of the defendant's confession by a preponderance of the evidence. *Lego* v. *Twomey*, 404 U.S. 477, 484, 92

[3] See *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

S. Ct. 619, 30 L. Ed. 2d 618 (1972); *State* v. *Madera,* 210 Conn. 22, 39, 554 A.2d 263 (1989). The trial court's findings as to the circumstances surrounding the defendant's interrogation and confession are findings of fact . . . which will not be overturned unless they are clearly erroneous. . . . *State* v. *Atkinson,* [235 Conn. 748, 759, 670 A.2d 276 (1996)]. On the ultimate issue of voluntariness, however, we will conduct an independent and scrupulous examination of the entire record to ascertain whether the trial court's finding is supported by substantial evidence. . . . *State* v. *Chung,* [202 Conn. 39, 54, 519 A.2d 1175 (1987)] . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Lapointe,* 237 Conn. 694, 728, 678 A.2d 942 (1996). Our independent review of the record leads us to concur in the trial court's finding that the defendant's confession was voluntary under the totality of the circumstances.

The judgment is affirmed.