WILFRED L. HART, SR. *v.* COMMISSIONER
OF CORRECTION
(AC 16750)

Foti, Schaller and Healey, Js.

Argued November 4—officially released December 16, 1997

*William S. Palmieri,* for the appellant (petitioner).

*Paul E. Murray,* supervisory assistant state's attorney, with whom, on the brief, was *Kevin T. Kane,* state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner was convicted, after a jury trial, of sexual assault in the first degree, tampering

with a witness, multiple counts of sexual assault in the second degree and being an accessory to sexual assault in the second degree. He appealed to this court from the judgment of conviction, and we affirmed the judgment. *State* v. *Hart*, 26 Conn. App. 200, 599 A.2d 748 (1991). The petitioner thereafter filed a petition for a writ of habeas corpus, which, after a hearing, was dismissed by the habeas court. He then filed a request for certification to appeal to this court, which was also denied by the habeas court. This appeal followed.

On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification and that he is entitled to habeas relief because his constitutional right to effective assistance of counsel was violated at trial. His petition alleged that his trial counsel was ineffective in that counsel failed to present medical evidence at trial of the petitioner's alleged impotency, failed to bring to the trial court's attention an alleged improper communication by a sheriff to one or more jurors and failed to request a mistrial.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. Id. Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. Id.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of

reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)." (Emphasis in original; internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction*, 39 Conn. App. 813, 815–16, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996). A habeas appeal that satisfies one of the aforementioned criteria is not frivolous and warrants appellate review. *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 150, 662 A.2d 718 (1995).

The habeas court concluded that viewing the evidence in the light most favorable to the petitioner's claims, his alleged impotence would have been episodic and inconsistent, and that medical testimony could not have been presented to establish with reasonable medical certainty that the petitioner was impotent at any specific time. The court found that trial counsel's determination that impotence was not a viable defense was reasonable and that his decision not to present such a defense was a trial strategy. The habeas court also found that there was no evidence presented before it or before the trial court, at an "extraordinary hearing," to support the petitioner's claim that a sheriff made inappropriate comments.

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). "Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." (Internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "In a case

that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony. . . ." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 386, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 120 (1996).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal. The petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, supra, 229 Conn. 179; *Milardo* v. *Commissioner of Correction*, 41 Conn. App. 749, 677 A.2d 24, cert. denied, 239 Conn. 907, 682 A.2d 1004 (1996); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995).

The appeal is dismissed.