GEORGE VELEZ *v.* COMMISSIONER OF
CORRECTION
(AC 19309)

Foti, Landau and Daly, Js.

Argued February 24—officially released April 11, 2000

---

*Vicki H. Hutchinson*, for the appellant (petitioner).

*Michael L. Regan*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, George Velez, appeals from the judgment rendered by the habeas court, dismissing his amended petition for a writ of habeas corpus and denying his petition for certification to appeal to this court. The petitioner claims that he was denied his constitutional rights to effective assistance of trial counsel.[1]

We have fully reviewed the records and briefs and considered the oral arguments. We conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal from the dismissal of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim

---

[1] The petitioner also alleged that he was denied the effective assistance of appellate counsel. This claim appears to have been abandoned as inadequately briefed and was withdrawn, with permission of the petitioner, by his counsel during oral argument.

involves issues that] are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [*Simms* v. *Warden,* supra, 230 Conn. 616], quoting *Lozada* v. *Deeds,* [supra, 498 U.S. 432]." (Emphasis in original; internal quotation marks omitted.) *Tatem* v. *Commissioner of Correction,* 39 Conn. App. 813, 816, 667 A.2d 1295 (1995), cert. denied, 236 Conn. 904, 670 A.2d 1305 (1996).

The petitioner's claim was that he was not properly represented because his trial counsel failed to do a thorough investigation and was unprepared for trial. The habeas court conducted a factual review of the petitioner's claim and determined that he had failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden,* 223 Conn. 180, 193, 612 A.2d 1161 (1992).[2]

We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. *Siano* v. *Warden,* 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993). The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. *Beasley* v. *Commissioner of Correction,* 47 Conn. App. 253, 262,

---

[2] The habeas court found that contrary to the claims made by the petitioner, "[t]he evidence discloses the fact that [trial counsel] interviewed and called the witnesses as disclosed by the petitioner and completed an appropriate investigation." The habeas court also concluded that the petitioner, in addition to failing to demonstrate any deficient performance by trial counsel; see *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); also failed to present any evidence showing that he was prejudiced. The court also found that "[n]o evidence was submitted that would indicate that any further investigation by [trial counsel] would produce anything of importance or anything that would have been considered as exculpatory."

704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998). Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.