## CAROL PEREZ *v.* COMMISSIONER OF CORRECTION
## (AC 21514)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Alan E. Dillon,* special public defender, filed a brief for the appellant (petitioner).

*Kevin T. Kane,* state's attorney, and *Denise B. Smoker* and *Jo Anne Sulik,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Carol Perez, appeals from the judgment of the habeas court denying her petition for certification to appeal from its judgment dismissing her petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying her certification to appeal and that it improperly concluded that her trial counsel was not ineffective. We dismiss the petitioner's appeal.

The following facts and procedural history are pertinent. On August 24, 1995, the petitioner was arrested and charged with one count of risk of injury to a child in violation of General Statutes § 53-21 and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a. The charges stemmed from an incident that occurred about thirteen months earlier,

when the petitioner was baby-sitting the victim. On July 21, 1995, during an interview with the police, the petitioner confessed to the acts alleged by the victim and underlying the subsequent charges.

In May, 1997, the petitioner's case was referred to attorney Elisa L. Villa of the public defender's office.[1] Thereafter, the matter was scheduled for trial and, because the petitioner claimed that she had been threatened at the police interview, Villa filed a pretrial motion to suppress the petitioner's confession. On April 15, 1998, during jury selection, the petitioner, after considering Villa's advice regarding her options, entered a plea of nolo contendere to the risk of injury charge. The state had agreed to nolle the sexual assault charge, and the trial judge had indicated that he would not sentence the petitioner to more than two years imprisonment if she pleaded nolo contendere. On May 7, 1998, the petitioner was sentenced to five years imprisonment, execution suspended after two years, and five years probation.

After serving the mandatory portion of her sentence, the petitioner was released from incarceration and, on September 21, 2000, filed an amended petition for a writ of habeas corpus alleging that Villa's representation had been ineffective in violation of the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut. She claimed, among other things, that Villa was ineffective in advising her to plead nolo contendere rather than seeking a hearing on the motion to suppress and proceeding to trial.[2] The court held a hearing on the amended petition on October 3 and 13, 2000, and thereafter dismissed the petition and denied certification to appeal. This appeal followed.

---

[1] The petitioner initially was represented by attorney John S. Papa, Jr., of the public defender's office.

[2] The petitioner does not pursue her other claims on appeal.

"To prevail on an appeal from the habeas court's denial of a petition for certification to appeal, the petitioner must make a substantial showing that he has been denied a state or federal constitutional right and that in denying certification to appeal, the habeas court clearly abused its discretion and that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the *underlying claim* involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 552–53, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

The petitioner's underlying constitutional claim implicates her right to effective assistance of counsel. "A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, [466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . ." (Internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, 61 Conn. App. 55, 58–59, 762 A.2d 491 (2000).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, supra, 466 U.S. 694." (Citations omitted; internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, supra, 61 Conn. App. 59.

The court focused largely on the deficient performance element of the *Strickland* test and concluded that it was not satisfied. The evidence, cited by the court in its memorandum of decision, established that the petitioner would have had to clear substantial hurdles to prevail on the motion to suppress her confession and at trial, and that so proceeding involved significant risks, namely, a potential ten year sentence and required registration as a sex offender. For example, the petitioner testified that at the interview during which she confessed, the police threatened her, she was disoriented from prescription medications, and she believed that she was in custody and not free to leave. Her version of events, however, was contested strongly by the testimony of the police officer who took her confession, her signed volunteer interview form and her signed confession, and by other circumstances, i.e., she arrived at the police station via her own transportation, was not detained following the interview and was not arrested until more than one month later.

Moreover, the petitioner did not present any medical evidence regarding the effects of her various medications, nor did she call to testify other officers who had witnessed the circumstances of her confession. The court also found Villa credible. She testified as to her

concerns about proceeding to trial and how she had conveyed those concerns to the petitioner. Specifically, in investigating the case, Villa learned that the victim was a credible witness and that there would be substantial constancy of accusation testimony. Furthermore, given the petitioner's criminal record and history of psychological problems, Villa had concerns about her ability to testify credibly.

The court's conclusion that the petitioner did not establish that Villa's performance was deficient was based largely on its evaluation of the witnesses' testimony. We note in that regard that "[t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . *Colon* v. *Commissioner of Correction,* 55 Conn. App. 763, 765, 741 A.2d 2 (1999), cert. denied, 252 Conn. 921, 744 A.2d 437 (2000). The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. *Velez* v. *Commissioner of Correction,* 57 Conn. App. 307, 309, 748 A.2d 350 (2000); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219." (Internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction,* supra, 69 Conn. App. 561–62.

On the basis of our review of the evidence submitted at the hearing and our deference to the court's factual findings, we cannot state that the issue of Villa's competence was debatable, that the court could have resolved it differently or that it merits further proceedings. Accordingly, we conclude that the court, in denying the petition for certification to appeal, did not abuse its discretion such that an injustice has been done.

The appeal is dismissed.