CHARLES BELLINO *v.* COMMISSIONER OF
CORRECTION
(AC 22117)

Schaller, Dranginis and West, Js.

Argued January 14—officially released March 25, 2003

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Eileen F. McCarthy*, assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Bellino, appeals from the judgment of the habeas court denying his petitions for a writ of habeas corpus and for certification to appeal. The petitioner claims that the court (1) abused its discretion in denying the petition for certification and (2) improperly determined that he had not been denied the effective assistance of counsel. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of manslaughter in the first degree in violation of General

Statutes § 53a-55 (a) (1), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-59 (a) (1), and carrying a pistol without a permit in violation of General Statutes § 29-35. The petitioner was sentenced to a total effective term of thirty-five years incarceration.[1]

The petitioner filed his first habeas petition on August 2, 1995. In that petition, he alleged the ineffective assistance of trial counsel. The petitioner claimed that he had wanted to admit to being the shooter and to rely on a theory of self-defense in connection with the crimes of which he had been convicted. The habeas petition alleged that trial counsel had advised the petitioner against admitting that he had been the shooter and advised the petitioner to testify falsely in that regard.

The habeas court, *Sullivan, J.*, issued its memorandum of decision on December 8, 1995. The court found that trial counsel had discussed with the petitioner whether self-defense was a sound trial strategy to pursue. The court also found that trial counsel had instructed the petitioner to testify truthfully while on the witness stand. The court concluded that trial counsel had rendered effective assistance to the petitioner. Accordingly, the court denied the petition on the basis of the petitioner having failed to establish either deficient performance or prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (petitioner must establish both deficient

---

[1] The petitioner appealed to the Appellate Court from his conviction, claiming that the trial court improperly had instructed the jury on the issue of self-defense. The Appellate Court affirmed the conviction. *State* v. *Bellino*, 31 Conn. App. 385, 625 A.2d 1381 (1993). The petitioner then appealed to the Supreme Court from the decision of the Appellate Court. The Supreme Court initially granted certification to appeal; *State* v. *Bellino*, 226 Conn. 917, 628 A.2d 988 (1993); but after examining the record and considering the briefs and arguments of the parties, concluded that certification had been improvidently granted and dismissed the appeal. *State* v. *Bellino*, 228 Conn. 851, 635 A.2d 812 (1994).

performance, actual prejudice to warrant habeas relief of new trial). The petitioner sought certification to appeal to the Supreme Court from the court's denial of his habeas petition. The Supreme Court denied that petition for certification.

The petitioner filed a second habeas petition on January 15, 1997. In that action, the petitioner asserted claims of (1) ineffective assistance of trial counsel on the basis of counsel allegedly having advised him to testify falsely, the failure of counsel to pursue a strategy of arguing self-defense and the failure of counsel to investigate the case adequately and to call witnesses, and (2) factual innocence. The respondent commissioner of correction sought to dismiss the habeas petition on the ground that it raised issues that were, or could have been, included in the previous petition. The court granted the petitioner a continuance for the purpose of briefing that issue.[2] Rather than submitting a brief addressing that issue, the petitioner revised his habeas petition to include, for the first time, a claim of ineffective assistance of habeas counsel at the first habeas proceeding. The court granted the respondent's motion to dismiss the claims set forth in the revised amended habeas petition, with the exception of the claim of ineffective assistance of habeas counsel. The court then proceeded to hear the remaining claim. During the direct examination of the petitioner by his counsel, it came to the court's attention that the petitioner's counsel had not yet reviewed the transcript of the habeas hearing at issue. The court declared a mistrial to allow the petitioner adequate time to obtain a copy of the habeas hearing and to prepare for a hearing on his claim.

---

[2] When the court asked the petitioner what new evidence he had discovered that would indicate that he did not commit the crimes for which he was convicted, he could not supply any such evidence.

Thereafter, the petitioner renewed his effort to obtain a reversal of his conviction on habeas grounds and filed the present habeas action on January 16, 2001.[3] In his third amended habeas petition, the petitioner raised three grounds for habeas relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of habeas counsel; and (3) ineffective assistance of appellate counsel. With respect to trial counsel, the petitioner claimed that counsel had advised him to testify falsely, failed to investigate his case adequately, and failed to conduct proper legal research and to prepare a defense theory. In its memorandum of decision filed May 25, 2001, the court, *Jones, J.*, resolved each of the counts of the habeas petition against the petitioner. The court, pursuant to Practice Book § 23-29 (3),[4] dismissed the claim that trial counsel had encouraged the petitioner to testify falsely because that claim had been addressed and denied in an earlier habeas petition. The court denied the remainder of the habeas petition on the ground that the petitioner had failed to satisfy the requirements of *Strickland* v. *Washington*, supra, 466 U.S. 687. Specifically, the court found, after independently reviewing the record, that each of the attorneys against whom the petitioner raised claims had provided effective representation in the respective proceedings. The court subsequently also denied the petitioner's petition for certification to appeal from the denial of habeas relief. This appeal followed.[5]

---

[3] It appears from the record that the present action is, in essence, the same habeas petition that resulted in a mistrial. As a result of that mistrial, a new docket number was assigned to the habeas action.

[4] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

[5] We note that despite the steady accretion of ineffective assistance of counsel claims as each of the petitioner's legal stratagems has failed, the petitioner expressly has limited the issues raised in this appeal to his claim of ineffective assistance of trial counsel.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To determine whether the court abused its discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616, citing *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We turn first to the petitioner's claim that the court abused its discretion in denying certification to appeal. In support of his claim, the petitioner in his principal brief reminds this court that he "claimed that he was denied the effective assistance of counsel in violation of the sixth and fourteenth amendments to the [United States constitution] under [*Lozada* v. *Deeds*, supra, 498 U.S. 431, and *Simms* v. *Warden*, supra, 230 Conn. 616]." Although that is a true statement of law, the petitioner does not offer any substantive discussion regarding the significance of that fact with respect to whether the habeas court abused its discretion in denying the petitioner certification to appeal. Reference to the authorities cited in the petitioner's brief also does not illuminate his inchoate argument. Indeed, the authorities relied on do no more than present the standard

that the petitioner must satisfy to succeed in the present appeal; they do not offer substantive support for his position. See *Simms* v. *Warden,* supra, 230 Conn. 615–16; *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994) (dismissing writ of error); *Hart* v. *Commissioner of Correction,* 47 Conn. App. 305, 307, 703 A.2d 133 (1997) (dismissing appeal); see also *Lozada* v. *Deeds,* supra, 498 U.S. 431–32.

In a slightly more analytic vein, the petitioner also argues that the issues raised in his petition for habeas relief are necessarily "debatable among jurists of reason" because the court rested its decision on an evaluation of conflicting testimony. We have held repeatedly, however, that a determination regarding the effectiveness of counsel that requires the court to perform its legitimate and essential role of weighing and evaluating the credibility of conflicting testimony does not, by itself, render the court's conclusion "debatable among jurists of reason" for the purpose of appellate review. See *Perez* v. *Commissioner of Correction,* 73 Conn. App. 611, 615, 808 A.2d 1184 (2002), cert. denied, 262 Conn. 943, 815 A.2d 676 (2003); *Hart* v. *Commissioner of Correction,* supra, 47 Conn. App. 307–308. We conclude, therefore, that the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was an abuse of discretion.

Because the petitioner has failed to meet his threshold burden of establishing that the court abused its discretion in denying certification to appeal, we need not reach the issue of whether the court properly determined that the petitioner received effective assistance of counsel. See *Simms* v. *Warden,* supra, 230 Conn. 612; *Annunziata* v. *Commissioner of Correction,* 74 Conn. App. 9, 13, 810 A.2d 287 (2002).

The appeal is dismissed.