## NYRON DUMAS *v.* COMMISSIONER OF CORRECTION
## (AC 23264)

Lavery, C. J., and Bishop and Hennessy, Js.

Submitted on briefs September 19—officially released October 28, 2003

*Michael A. D'Onofrio*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Carolyn K. Longstreth*, senior assistant state's attorney, filed a brief for the appellee (respondent).

### Opinion

PER CURIAM. The petitioner, Nyron Dumas, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, he claims that the court improperly concluded

that he failed to sustain his burden of establishing his claim of ineffective assistance of trial counsel. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. After interviewing several witnesses, including eyewitnesses, during its investigation of a murder, the West Haven police department secured an arrest warrant for the petitioner, a fourteen year old male. The petitioner, his mother and his grandmother all were present throughout the petitioner's interview with the police. Both the petitioner and his mother had signed a standard waiver of rights form for a parent and a juvenile. Each form contained warnings pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Officer David Howard also had given verbal warnings to both the petitioner and his mother, separately. Approximately sixteen minutes into the interview, the petitioner stopped the interview and spoke privately with his mother and grandmother. Thirteen minutes later, the petitioner indicated that he wanted to resume the interview. He then admitted to the police that he was the person who had shot the victim.

The petitioner pleaded guilty to a charge of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55 (a) and received a sentence of thirty years imprisonment, five of which were mandatory. On January 9, 2002,[1] the petitioner filed an amended petition for a writ of habeas corpus, claiming ineffective assistance of counsel. Following a hearing on the petition, the court issued its memorandum of decision on May 31, 2002, in which it dismissed the habeas petition. Thereafter, the court granted the petition for certification to appeal, and this appeal followed.

---

[1] The record shows a date stamp on the amended petition for a writ of habeas corpus with a handwritten filed date of January 9, 2001. We assume that to be a clerical error.

On appeal, the petitioner claims that the court improperly concluded that his counsel rendered effective assistance despite his decision not to seek to suppress the petitioner's statement to the police. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 548, 808 A.2d 746 (2002), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, [466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . ." (Internal quotation marks omitted.) *Perez* v. *Commissioner of Correction*, 73 Conn. App. 611, 613, 808 A.2d 1184 (2002), cert. denied, 262 Conn. 943, 815 A.2d 676 (2003).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, supra, 466 U.S. 694." (Internal quotation marks omitted.) *Perez*

v. *Commissioner of Correction*, supra, 73 Conn. App. 614.

In its memorandum of decision, the court stated: "In view of the signed waivers, the repeated [*Miranda*] warnings and the presence of both his mother and grandmother throughout the interview, the court concludes that the [petitioner's] statement was voluntary. Thus, it is difficult to envision a viable motion to suppress this statement. And the allegation that counsel's failure to file such a motion . . . [constituted] ineffective assistance must be rejected." The court also stated that the decision not to file a motion to suppress was one of defense strategy, and "[t]he major risk involved in these avenues [i.e., filing a motion to suppress] is that one may foreclose the possibility of effecting a plea reduction to manslaughter. In this instance, counsel did quite well by the petitioner. His offense was murder, pure and simple, and effecting this charge reduction was a major accomplishment."

The court further found that the "performance of defense counsel was well within the range of competence of criminal lawyers in the area." In fact, the court felt "compelled to comment that counsel achieved an excellent result for his client." After reviewing the evidence, the court also concluded that "the state could probably have convicted the petitioner of murder *without* his statement of February 14, 1999." (Emphasis in original.) Accordingly, the court concluded that the petitioner had "not sustained his burden on the petition as to ineffective assistance and in light of the result obtained by counsel, he has not demonstrated that he was in any way prejudiced by counsel's efforts."

After a careful review of the record and the briefs, we conclude that the petitioner has failed to demonstrate that the court's factual findings are clearly erroneous. The record demonstrates that counsel acted as a

competent attorney who made certain strategic decisions while defending the petitioner, which were reasonable and logical under the circumstances of the petitioner's case. We therefore conclude that the petitioner has failed to satisfy his burden of establishing that his counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that, but for trial counsel's allegedly deficient performance, the result would have been different.

The judgment is affirmed.