LEROY HARRIS *v.* COMMISSIONER OF CORRECTION
(AC 26295)

Schaller, Lavine and Pellegrino, Js.

Argued June 1—officially released September 5, 2006

*David J. Reich,* for the appellant (petitioner).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Leroy Harris, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed the habeas petition. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of three counts of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) and 53a-8, and one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). The petitioner was sentenced to a total effective term of eighty years incarceration. He appealed to this court, and we affirmed the judgment of conviction on July 17, 1990. *State* v. *Harris,* 22 Conn. App. 329, 577 A.2d 1077 (1990).

The petitioner filed his first habeas petition on November 20, 1992. Thereafter, on February 17, 1993, the petitioner filed an amended habeas petition that alleged the ineffective assistance of his trial and appellate counsel.[1] Following a hearing, the court, *Hodgson,*

---

[1] At trial and on appeal, the petitioner was represented by attorney Patricia Buck Wolf.

*J.*, concluded that the petitioner had not met his preliminary burden of demonstrating prejudice and accordingly dismissed his petition. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (holding that in order for criminal defendant to prevail on constitutional claim of ineffective assistance of counsel, he must establish both deficient performance and actual prejudice); *Aillon* v. *Meachum*, 211 Conn. 352, 362, 559 A.2d 206 (1989) (explaining that court need not determine whether counsel's performance was deficient if consideration of prejudice prong of *Strickland* will be dispositive of ineffectiveness claim). The petitioner subsequently appealed to this court, and we affirmed the judgment of the habeas court. *Harris* v. *Commissioner of Correction*, 40 Conn. App. 250, 671 A.2d 359 (1996).

In 2003, the petitioner filed a second habeas petition, in which he alleged police and prosecutorial misconduct as well as actual innocence. The court, *Hon. William L. Hadden, Jr.*, judge trial referee, denied that petition on August 25, 2003. The petitioner appealed to this court, and we dismissed the appeal on November 16, 2004. *Harris* v. *Commissioner of Correction*, 86 Conn. App. 903, 859 A.2d 979 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

The petitioner then filed a third habeas petition on October 2, 2003, and a second amended petition on August 11, 2004. In his 2004 second amended petition, the petitioner again alleged ineffective assistance of counsel. In contrast to his 1993 petition alleging ineffective assistance of trial and appellate counsel, the petitioner's 2004 second amended petition was limited to trial counsel and focused primarily on her failure to highlight discrepancies with respect to the identification of the petitioner.[2]

---

[2] Specifically, the petitioner claimed that his trial attorney failed (1) to prepare the case properly, (2) to admit certain statements, (3) to cross-examine witnesses effectively regarding the identification of the petitioner,

On September 27, 2004, the respondent, the commissioner of correction, filed a motion to dismiss the petition on the ground that the petitioner had raised the same legal grounds, ineffective assistance of counsel, as he had raised in his first habeas petition, and "fail[ed] to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ." Practice Book § 23-29 (3); see also Practice Book § 23-29 (5). In response, the petitioner filed an objection to the respondent's motion to dismiss on November 17, 2004.

On November 30, 2004, following a hearing on the matter, the court, *Fuger, J.,* granted the respondent's motion to dismiss. In so doing, the court concluded that "[t]he matter is res judicata. . . . Here, [the petitioner] has had not only one, but two, previous *habeas* petitions, both of which were denied, both of which were appealed, and both of which were affirmed by the state of Connecticut Appellate Court. [The petitioner] has alleged the identical ground that he is alleging here, that is, ineffective assistance of trial counsel and appellate counsel, in the *habeas* petition that was tried before Judge Hodgson. I have heard nothing to indicate that there is any newly discovered evidence that was not available at the time of the first *habeas* trial that is now available, which might have allowed this court to see an exception to the rule of res judicata." (Emphasis in original.) The petitioner then filed a petition for certification to appeal, which the court denied. This appeal followed.

On appeal, the petitioner first claims that the court abused its discretion when it denied his petition for certification to appeal. We disagree.

At the outset we set forth our standard of review. "Faced with the habeas court's denial of certification

(4) to point out identification discrepancies during her closing argument and (5) to object to the admission of prejudicial evidence.

to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To determine whether the court abused its discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Bellino* v. *Commissioner of Correction*, 75 Conn. App. 743, 747, 817 A.2d 704, cert. denied, 264 Conn. 915, 826 A.2d 1159 (2003); see also *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . (5) any other legally sufficient ground for dismissal of the petition exists." "In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . . [T]he fact that both petitions were based on the legal ground that the petitioner was denied the effective assistance of counsel in his criminal trial alone is not fatal to the petitioner's petition. For example, a petitioner may bring successive petitions on the same legal grounds if the

petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citations omitted; internal quotation marks omitted.) *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006).

Our review of the record and briefs leads us to conclude that the petitioner has failed to demonstrate that the issues he raised "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Bellino* v. *Commissioner of Correction*, supra, 75 Conn. App. 747. Contrary to the petitioner's argument, his 2004 second amended habeas petition raised the same legal grounds and sought the same relief as his 1993 petition. Moreover, the petitioner supported his 2004 second amended petition with allegations and facts that were reasonably available to him at the time of his 1993 petition. Accordingly, the petitioner has failed to meet his threshold burden of establishing that the court abused its discretion in denying his petition for certification to appeal. Because the petitioner has failed to satisfy his threshold burden of proof, we need not reach his remaining claim that the court improperly dismissed his habeas petition. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Bellino* v. *Commissioner of Correction*, supra, 748.

This appeal is dismissed.