## LEROY HARRIS *v.* COMMISSIONER OF CORRECTION (AC 28382)

Harper, Beach and Borden, Js.

---

Argued February 13—officially released June 3, 2008

*David J. Reich*, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BORDEN, J. The petitioner, Leroy Harris, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed his habeas petition without holding an evidentiary hearing to determine whether his prior habeas counsel provided ineffective assistance. We agree with the petitioner and reverse the judgment of the habeas court.

The petitioner brought this petition for habeas corpus challenging his conviction of three counts of robbery in the first degree and one count of sexual assault in the first degree. The court dismissed the petition and denied the petition for certification to appeal. This appeal followed.

The following procedural history is undisputed. The petitioner was convicted, following a jury trial, of three counts of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) and 53a-8, and one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). The petitioner was sentenced to a total effective term of eighty years incarceration. *State* v. *Harris*, 22 Conn. App. 329, 330, 577 A.2d 1077 (1990).

In the petitioner's direct criminal appeal, he claimed that (1) the trial court improperly permitted the introduction into evidence of a certain statement under the *Whelan* doctrine[1] and (2) his conviction should be reversed because of prosecutorial impropriety. This court rejected those claims and affirmed his conviction. See id., 337.

In his first petition for a writ of habeas corpus, filed in 1993, in which he was represented by Paula Mangini Montonye, he claimed that Patricia Buck Wolf, who acted as both his criminal trial and appellate counsel, rendered ineffective assistance. With respect to the trial, the petitioner raised fifteen different claims of ineffectiveness. With respect to the appeal, the petitioner raised two different claims of ineffectiveness. The first habeas court, *Hodgson, J.*, determined that with respect to both sets of claims, the petitioner had failed to establish prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court affirmed the judgment. *Harris* v. *Commissioner of Correction*, 40 Conn. App. 250, 671 A.2d 359 (1996).

In his second petition, filed in 2003, in which he was represented by Salvatore Adamo, the petitioner raised three issues regarding his trial: (1) police misconduct,

---

[1] See *State* v. *Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986).

(2) prosecutorial impropriety and (3) actual innocence. The second habeas court, *Hon. William L. Hadden, Jr.*, judge trial referee, rejected these claims. This court dismissed the appeal. *Harris* v. *Commissioner of Correction*, 86 Conn. App. 903, 859 A.2d 979 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

In his third petition, filed in 2004, in which he was represented by his present counsel, the petitioner raised five claims of ineffective assistance of his criminal trial counsel. The respondent, the commissioner of correction, moved to dismiss the petition on the ground that it presented the same grounds as prior petitions. The third habeas court, *Fuger, J.*, dismissed the petition on the ground that it was premised on the same legal grounds and sought the same relief as the first petition, and was supported by facts and allegations reasonably available at the time of the first petition. This court dismissed the appeal. *Harris* v. *Commissioner of Correction*, 97 Conn. App. 382, 904 A.2d 280, cert. denied, 280 Conn. 928, 909 A.2d 523 (2006).

Thereafter, the petitioner filed his fourth petition for a writ of habeas corpus, which is the subject of this appeal. In this petition, the petitioner challenged the effectiveness of the representation provided by his habeas counsel during his first and second petitions. In the first count of the petition, the petitioner alleged that his habeas counsel during his first habeas petition, Montonye, failed to investigate and to challenge adequately his trial counsel's presentation at trial of the argument that he was misidentified. In the second count, the petitioner alleged that his habeas counsel during his second habeas petition, Adamo, was ineffective for failing to challenge adequately his trial counsel's presentation of an argument of prosecutorial impropriety and also for failing to provide effective assistance regarding the petitioner's actual innocence claim. The

petitioner also realleged that his trial counsel was ineffective for failing to present properly the misidentification issue and the prosecutorial impropriety issue. The respondent, in her return, claimed, inter alia, that the petitioner's various claims had been litigated and decided and were, therefore, barred by the doctrine of res judicata, and that "this is a successive petition and an abuse of the writ. It presents the same grounds as the previous petitions."

The habeas court, *Fuger, J.,* began the hearing on the petition by asking: "[W]hy shouldn't I dismiss this on the grounds that it's a successive petition . . . and an abuse of the writ?" Counsel answered that he was "alleging . . . ineffective assistance of previous habeas counsel . . . ." The respondent asserted that there appeared to be no newly discovered evidence raised in the fourth petition. After listening to argument by counsel, the court ruled on the petition orally, stating that it would dismiss this petition. The court further stated: "I'm going to find it to be successive. I'm going to find it to be an abuse of the writ. Everything I've heard goes back to this trial. This is a crime that's alleged to have occurred—that occurred, I should say, twenty-three years ago. The trial, the original trial was seventeen years ago. Since then, there have been two complete habeas trials, both appealed and denied. I've already dismissed it once as a successive petition." Thereafter, the court rendered a written judgment of dismissal "on grounds that the claims presented have already been litigated."

The petitioner requested certification to appeal from the judgment of dismissal, which the court denied. Pursuant to *Simms* v. *Warden,* 229 Conn. 178, 186–89, 640 A.2d 601 (1994), the petitioner challenges both the denial of certification to appeal and the judgment dismissing his petition for a writ of habeas corpus. We conclude that the court abused its discretion by denying

the petition for certification to appeal. Therefore, we address the merits of the petitioner's appeal.

The petitioner claims that the court improperly dismissed his petition for habeas relief without affording him an evidentiary hearing. Specifically, he claims that the court improperly (1) dismissed his petition as a successive petition because it alleged ineffective assistance of habeas counsel and (2) applied the doctrine of res judicata in dismissing the petition. We agree with the petitioner that he is entitled to an evidentiary hearing on his claims that prior habeas counsel rendered ineffective assistance.

Both our Supreme Court and this court have addressed the issues of successive petitions and the doctrine of res judicata in the context of claims of ineffective assistance of prior habeas counsel. In *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992), the petitioner sought to have his criminal conviction reversed and a new trial granted on the ground of ineffective assistance of prior habeas counsel. Id., 835. The court, in agreeing that the petitioner could seek to do so by way of habeas corpus, stated: "In this case, the subject of the writ—that is, whether the accused had reasonably competent habeas and trial counsel—are matters that ultimately challenge the underlying conviction. . . .

"To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it

cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial. This new trial would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel. The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." (Citations omitted; internal quotation marks omitted.) Id., 842–43. Thus, the court by clear implication rejected any claim that the habeas petition, based on a claim of ineffective assistance of prior habeas counsel, could be dismissed as successive.

With respect to the *Lozada* respondent's claim that "res judicata prohibits a second habeas proceeding because the issue of ineffective assistance of trial counsel was already litigated in the first habeas proceeding"; id., 843; our Supreme Court stated: "First, the United States Supreme Court has long held that the strict application of the doctrine of res judicata should not control successive petitions for habeas corpus. . . .

"We agree with the Appellate Court that the second habeas petition is not predicated on the same issues addressed in the first petition. Although the petitioner must, by necessity, repeat his allegations of trial counsel's inadequacy, there may never have been a proper determination of that issue in the first habeas proceeding because of the allegedly incompetent habeas counsel. The claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue.

"Second, the plain language of [Practice Book] § 531 [Practice Book § 25-42 (3)[2] currently includes the applicable language from § 531] would not require dismissal of the second habeas petition. The language of [Practice Book § 25-42 (3)] is clear on its face and prescribes that trial courts may dismiss a second application without a hearing only if that application asserts the same grounds and fails to state new facts or proffer new evidence not reasonably available to the petitioner at the hearing on his previous application. The necessary implication of this prescription is that if different grounds are asserted, a hearing on the second application is indicated. It is also clear that in this context ground must mean a sufficient legal basis for granting the relief sought. . . . In this case, asserting ineffective assistance of appointed habeas counsel is a new ground. [S]hould doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant." (Citations omitted; internal quotation marks omitted.) *Lozada* v. *Warden*, supra, 223 Conn. 843–45.

Furthermore, this court has stated: "In our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. . . . [I]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 725–26, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006). A petitioner is entitled, by statute,

[2] Practice Book § 25-42 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, it if determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

to effective assistance of habeas counsel, and a claim challenging the effectiveness of prior habeas counsel constitutes a new ground for which a petition for habeas relief may be brought. See *Lozada* v. *Warden,* supra, 223 Conn. 842–43. When a petitioner has filed a petition for a writ of habeas corpus based on new grounds, such as the ineffective assistance of prior habeas counsel, there arises "a strong presumption that [the] petitioner . . . is entitled to present evidence in support of his claims." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction,* supra, 725.

Application of these principles to the facts of this case compels the conclusion that the petitioner was entitled to an evidentiary hearing on his petition. In his first and third petitions, the petitioner challenged the effectiveness of his criminal trial and appellate counsel, and in his second petition he challenged the validity of his conviction on the basis of police misconduct, prosecutorial impropriety and actual innocence. By contrast, in this fourth petition, he challenges for the first time the effectiveness of his two prior habeas counsel in (1) challenging criminal trial counsel's investigation and presentation of the claim of misidentification, (2) challenging criminal trial counsel's presentation of the claims of prosecutorial improprieties and (3) presenting the claim of actual innocence. Because he challenges the effectiveness of his prior habeas counsel, which also challenges the validity of his underlying conviction, the ground he asserts is different from the previous grounds asserted in his prior habeas petitions, the petition is not barred as successive, and the petition is not barred under the doctrine of res judicata.

Following our remand, the petitioner will have the burden to prove his claims pursuant to the principles of *Strickland* v. *Washington,* supra, 466 U.S. 668. As applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the

petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding.[3] Thus, here, the petitioner will have to prove that one or both of the prior habeas counsel, in presenting his claims, was ineffective and that *effective* representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial because of (1) criminal trial counsel's ineffective investigation and presentation of the claim of misidentification or (2) criminal trial counsel's ineffective presentation of the claim of prosecutorial improprieties or (3) actual innocence.

The respondent argues that the doctrine of res judicata bars an evidentiary hearing in this case because (1) the issue of the effectiveness of the petitioner's criminal trial counsel has already been adjudicated, and (2) the petitioner *could have but did not* raise, in his prior third petition, the claim of the effectiveness of his prior first two habeas counsel. See, e.g., *McCue* v. *Birmingham*, 88 Conn. App. 630, 635–36, 870 A.2d 1126 (res judicata, or claim preclusion, bars any claim that could have been raised in prior proceeding), cert. denied, 274 Conn. 905, 876 A.2d 14 (2005). *Lozada* disposes of the respondent's first argument because it makes clear that a claim that prior habeas counsel was ineffective is a ground different from a claim that prior criminal trial counsel was ineffective. The respondent's second argument is disposed of by our Supreme Court's decision in *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 866 A.2d 542 (2005). "Unique policy considerations must be taken into account in applying the doctrine of res judicata to a

---

[3] Prejudice in this case means that but for habeas counsel's ineffectiveness, there would be a reasonable probability that the habeas court would have found that the petitioner is entitled to a new trial.

constitutional claim raised by a habeas petitioner. . . . Foremost among those considerations is the interest in making certain that no one is deprived of liberty in violation of his or her constitutional rights. . . . With that in mind, we limit the application of the doctrine of res judicata . . . to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) Id., 662, quoting *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 779 n.7, 809 A.2d 1126 (2002). The petitioner's claims that his prior habeas counsel were ineffective were neither raised nor litigated in any earlier proceedings.

The judgment is reversed and the case is remanded for an evidentiary hearing on the petitioner's petition for a writ of habeas corpus.

In this opinion the other judges concurred.