## GERALDINE MOYE *v.* COMMISSIONER OF CORRECTION
### (AC 27825)

Flynn, C. J., and DiPentima and Dupont, Js.

Argued May 27—officially released September 9, 2008

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Geraldine Moye, appeals following the denial of her petition for certification to appeal from the judgment of the habeas court dismissing her amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal. The dispositive issue in this appeal is the petitioner's claim that the court improperly dismissed the amended petition without holding an evidentiary hearing. We reverse the judgment of the habeas court and remand the case for an evidentiary hearing on the petitioner's amended petition for a writ of habeas corpus.

The following procedural history is relevant to our resolution of the petitioner's appeal. In 1994, the petitioner was convicted, following a conditional plea of nolo contendere, of arson in the second degree in violation of General Statutes § 53a-112.[1] Thereafter, the petitioner was sentenced to seven years imprisonment, execution suspended after two years, and three years of probation.

On April 23, 1998, the petitioner filed a pro se petition for a writ of habeas corpus. Subsequently, on September 14, 2000, the petitioner's habeas counsel filed an amended petition for a writ of habeas corpus. In the amended petition, the petitioner alleged that trial counsel had rendered ineffective assistance in failing to investigate adequately the petitioner's mental state and to ensure that the petitioner's plea was knowing, intelligent and voluntary. The petitioner further alleged that she had been denied due process because the court had failed to ensure that her plea was knowing, intelligent and voluntary. On September 27, 2000, the respondent, the commissioner of correction, filed a return, denying the allegations of the petition.

[1] The petitioner initially was charged with, inter alia, arson in the first degree in violation of General Statutes § 53a-111.

Between October 24, 2000, and October 25, 2004, the petitioner filed five motions to stay the proceedings, two motions for a continuance and one motion to extend the stay on the proceedings to permit the petitioner an opportunity to obtain mental health treatment and to provide time for the treatment to ameliorate the petitioner's medical condition. The habeas court granted these motions. Thereafter, a proceeding was held on April 27, 2005, in which the court expressed concerns with the petitioner's decision to go forward with her petition for a writ of habeas corpus, in which she sought to have the conviction and sentence vacated and the case remanded for further proceedings, because the petitioner, who had received a favorable plea bargain, already had served her sentence. Notwithstanding the court's concerns, the petitioner stated that she understood the risks involved and again expressed her desire to proceed with the habeas matter. At the conclusion of the April 27, 2005 proceeding, the court decided to continue the case until June 1, 2005, to provide the petitioner with an opportunity to discuss her situation with a friend or a relative.

On June 1, 2005, a proceeding was held before the court. Although counsel for the petitioner was present, the petitioner failed to appear at the proceeding. Counsel for the petitioner indicated that he had not been able to contact the petitioner. As a result of the petitioner's absence from the proceeding, the respondent orally moved to dismiss the amended petition for a writ of habeas corpus, arguing that because the petitioner had received notice at the last proceeding concerning the continuance until June 1, 2005, it was reasonable to conclude that the petitioner had decided not to go forward with the habeas matter. Counsel for the petitioner requested that the court reserve its ruling on the motion so that he could attempt to contact the petitioner. The

court decided to reserve its ruling on the respondent's oral motion to dismiss until June 7, 2005.

Because the court had not received an objection to the motion to dismiss from the petitioner by June 7, 2005, it rendered a judgment dismissing the amended petition on June 8, 2005, for failure to prosecute. However, unbeknownst to the court, counsel for the petitioner had filed an objection to the motion to dismiss prior to June 7, 2005. Because of a mishap in the clerk's office, the court was not made aware of the petitioner's timely objection to the motion to dismiss until June 9, 2005. On June 9, 2005, the court then entered an order staying the judgment of dismissal and indicated that a status conference would be held on June 30, 2005.

The petitioner, the petitioner's counsel and the respondent's counsel were present at the June 30, 2005 status conference, which was conducted on the record. At that proceeding, the court again informed the petitioner about the risks involved in proceeding with the habeas matter and asked the petitioner whether she understood the court's concerns. The petitioner responded affirmatively and also stated that although some of her friends did not think it was in her best interest to proceed to trial, she still wanted to continue litigating the habeas matter.

Another status conference was held on April 13, 2006, and the petitioner was present at that proceeding. At the commencement of the status conference, the court again asked the petitioner whether she understood the possible consequences of pursuing the habeas matter and proceeded to explain, in detail, the possible consequences.[2] The court then asked: "[D]o you choose to

---

[2] The following colloquy occurred:

"The Court: Do you understand what the results could be for you if you pursue this?

"[The Petitioner]: Yes, Your Honor.

"The Court: Are you attracted by the idea of risking twenty years in prison if you go to trial and prevail on the habeas? You think you would like that prospect?

litigate or do you choose to go home and get on with your life?" In response, the petitioner stated that she chose litigation. After the petitioner expressed her desire to litigate the habeas matter, the court replied: "You can choose the litigation, but I'm not going to proceed with the process we have at this point. I'm going to dismiss the habeas corpus petition for these reasons: I don't think there's any merit to the habeas corpus petition itself to start with. I think the decision to proceed in this case is based on some notion of yours

"[The Petitioner]: No, Your Honor.

"The Court: That could be the result because I've examined this file, I've examined this case carefully in view of the unique circumstances. I have no doubt that the state could prove your guilt beyond a reasonable doubt. They were awfully kind to you, and your trial counsel was extremely efficient and diligent in getting them not only to reduce the charge but to give you a very modest sentence and then to modify the sentence.

"If you prevail on the habeas corpus, I don't think you will, but if you prevail on the habeas corpus and get a new trial, you don't get your record wiped clean, you go back to where you were in 1998, charged with arson in the first degree, and the maximum exposure you would have would be up to twenty years in prison, and in view of the fact that you confessed to the offense, there's everything to indicate that you knew what you were doing at the time and that you're guilty of the offense, and you'll probably be convicted again. And that's what you would be facing.

"The other risk you run is when you do get reached for trial if the question comes up as to your mental capacity and your competence to stand trial, you could be found not competent to stand trial in which case you would then be sent to a mental institution.

"So, you have three alternatives facing you: forget this case and of course you could—the other possibility is that the habeas would be unsuccessful, which is my feeling the most likely prospect, in which case you'll be right back where you are right now with nothing changed except that you would have gone through the habeas trial. The issue of your competence might come up in that trial and the possibility of hospitalization lurks behind the scenes also, but you are—what you're really doing is deciding from a position of freedom to try and roll the dice to see if you either get a prison sentence or a hospital sentence in a mental institution. I can't believe that you are reasonably—that you're making a sensible choice with those alternatives.

"Now, those are the alternatives that you face. That's the next act in the scene. I don't know what your thinking is. I would be interested in hearing how you respond to this. I mean, what do you think is going to happen or what do you want to happen?

"[The Petitioner]: Your Honor, as you have pointed out . . . there are lots of players in this situation. Now, if you're asking me to predict the future, I can't predict the future . . . ."

that I cannot find any basis for any place in the file . . . . The resolution that makes sense from my standpoint, from [counsel's] standpoint, from logic's standpoint and from your standpoint is to go back to where you were when this case came up the first time and lead your life unfettered by all of this commotion that you've created for yourself. So, the habeas corpus matter is dismissed effective today . . . ."[3] Following the court's dismissal of the amended petition,[4] the petitioner filed a petition for certification to appeal, which the court denied.

On appeal, the petitioner challenges the denial of certification to appeal as well as the judgment dismissing her amended petition for a writ of habeas corpus. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). We conclude that the court abused its discretion in denying certification to appeal, and, therefore, we address the merits of the petitioner's claim. See *Harris* v. *Commissioner of Correction*, 108 Conn. App. 201, 205–206, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008).

The petitioner claims that the court, on April 13, 2006, improperly dismissed her amended petition without affording her an evidentiary hearing. The respondent

[3] After providing its reasons for dismissing the amended petition but immediately before recessing, the court stated: "Thank you very much for your patience for bearing with us, but this had to be done sooner or later, and I think it's better now than [at] some later date. The case is eight years old. It's time that we had some finality."

[4] The court did not issue a memorandum of decision. The judgment states in relevant part that: "the petitioner filed an amended petition and the respondent appeared and filed a return to the amended petition, the parties were heard by the court on the petition for [a] writ of habeas corpus. The court, having heard the parties, dismisses the petitioner's amended petition for [a] writ of habeas corpus. Whereupon, it is adjudged that the amended petition for [a] writ of habeas corpus be, and it is, dismissed."

The order of April 13, 2006, which appears in the court file, states: "The court's order entered on June 9, 2005, staying the judgment of dismissal entered on June 8, 2005, is hereby vacated. The judgment of dismissal is hereby reinstated."

argues that the petitioner was not entitled to an evidentiary hearing because the dismissal was premised on a determination that the petitioner had failed to prosecute the matter, and, therefore, the court properly dismissed the amended petition. To support the contention that the amended petition was dismissed on the basis of failure to prosecute, the respondent refers to (1) the petitioner's failure to appear at the June 1, 2005 proceeding, (2) the order that appears in the court file and concerns the April 13, 2006 dismissal, which indicates that the court was reinstating its dismissal of June 8, 2005, which had been rendered for failure to prosecute, and (3) the court's closing remark at the conclusion of the April 13, 2006 proceeding in which it stated that: "this had to be done sooner or later . . . . The case is eight years old. It's time we had some finality." The petitioner disputes that the court, on April 13, 2006, dismissed the amended petition for failure to prosecute and, in contrast, asserts that the dismissal was on the merits. In addition, the petitioner contends that the court also dismissed the amended petition because of its belief that it was in the petitioner's best interest not to pursue the habeas matter. At oral argument before this court, the respondent acknowledged that if we do not accept the argument that the court dismissed the amended petition for failure to prosecute and instead agree with the petitioner, then the petitioner would be entitled to an evidentiary hearing.

On the basis of our review of the record, we agree with the petitioner that the court did not dismiss the amended petition for failure to prosecute. The petitioner was present at the April 13, 2006 status conference, and, during this proceeding, the court specifically questioned the petitioner about whether she wanted "to litigate or . . . to go home and get on with [her] life." In response, the petitioner unequivocally informed the court of her desire to continue litigating. Thereafter,

the court dismissed the amended petition and provided the reasons for its decision. Specifically, the court stated that it did not "think there's any merit to the habeas corpus petition itself to start with" and then proceeded to express its belief that it was not in the petitioner's best interest to pursue the habeas matter. The court, however, never stated that the dismissal was premised on a failure to prosecute.

Furthermore, we are not persuaded by the respondent's argument that the court's order, in which the court stated that "[t]he judgment of dismissal is hereby reinstated," operates to "reinstate" the grounds for the June 8, 2005 dismissal. Although the court's order was terse, the court already provided its reasons for dismissing the amended petition at the April 13, 2006 proceeding. We similarly are not persuaded that the court's closing remarks regarding finality, which occurred after the court already had dismissed the amended petition and provided its reasoning for the dismissal, demonstrate that the basis for the dismissal was a failure to prosecute. Indeed, the court's stated reasons for the dismissal of the amended petition belie the respondent's contention that the court dismissed the amended petition for failure to prosecute. It is plain that the court dismissed the amended petition because it believed that the amended petition lacked merit and that it was in the petitioner's best interest to dismiss the matter, as it stated during the April 13, 2006 proceeding.

Because we conclude that the real basis for the dismissal was not the petitioner's failure to prosecute, we share the view of both the petitioner and the respondent that the court improperly dismissed the amended petition without an evidentiary hearing. "In *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 93, 644 A.2d 340 (1994), our Supreme Court stated: 'Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. General Statutes § 52-470 (a) provides that [t]he court or judge hearing any

habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require. In *Negron* v. *Warden,* 180 Conn. 153, 158 n.2, 429 A.2d 841 (1980), [our Supreme Court] noted that whenever a court is legally required to hear a habeas petition, § 52-470 (a) delineate[s] the proper scope of [the] hearing . . . . The statute explicitly directs the habeas court to dispose of the case only after hearing the testimony and arguments therein.' " *Mitchell* v. *Commissioner of Correction,* 93 Conn. App. 719, 725, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006). In the present case, the court dismissed the amended petition at the April 13, 2006 status conference. It is undisputed that the petitioner did not have a hearing, nor did she have an opportunity to present evidence in support of her amended petition. Accordingly, we conclude that the petitioner is entitled to an evidentiary hearing on her amended petition for a writ of habeas corpus.

The judgment is reversed and the case is remanded for an evidentiary hearing on the petitioner's amended petition for a writ of habeas corpus.

In this opinion the other judges concurred.