## LEROY HARRIS *v.* COMMISSIONER OF CORRECTION
### (AC 30989)

Gruendel, Robinson and Pellegrino, Js.

Argued November 15, 2010—officially released February 8, 2011

*David J. Reich*, special public defender, for the appellant (petitioner).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *John Waddock*, supervisory assistant state's attorney, and *Linda N. Howe*, former senior assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Leroy Harris, appeals from the judgment of the habeas court, *Nazzaro, J.,* denying his fourth petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly concluded that his trial and first and second habeas counsel provided effective assistance. We reject the petitioner's claim and affirm the judgment of the habeas court.

The procedural history and facts underlying the petitioner's conviction and prior habeas petitions were set out at length in *Harris* v. *Commissioner of Correction,* 108 Conn. App. 201, 203–204, 947 A.2d 435, cert. denied, 288 Conn. 911, 953 A.2d 652 (2008). "The petitioner was convicted, following a jury trial, of three counts of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) and 53a-8, and one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). The petitioner was sentenced to a total effective term of eighty years incarceration. *State* v. *Harris,* 22 Conn. App. 329, 330, 577 A.2d 1077 (1990).

"In the petitioner's direct criminal appeal, he claimed that (1) the trial court improperly permitted the introduction into evidence of a certain statement under the *Whelan* doctrine, [*State* v. *Whelan,* 200 Conn. 743, 753, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986)] and (2) his conviction should be reversed because of prosecutorial impropriety. This court rejected those claims and affirmed his conviction. [*State* v. *Harris,* supra, 22 Conn. App.] 337.

"In his first petition for a writ of habeas corpus, filed in 1993, in which he was represented by Paula Mangini Montonye, he claimed that Patricia Buck Wolf, who acted as both his criminal trial and appellate counsel, rendered ineffective assistance. With respect to the trial, the petitioner raised fifteen different claims of

ineffectiveness. With respect to the appeal, the petitioner raised two different claims of ineffectiveness. The first habeas court, *Hodgson, J.*, determined that with respect to both sets of claims, the petitioner had failed to establish prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court affirmed the judgment. *Harris* v. *Commissioner of Correction*, 40 Conn. App. 250, 671 A.2d 359 (1996).

"In his second petition, filed in 2003, in which he was represented by Salvatore Adamo, the petitioner raised three issues regarding his trial: (1) police misconduct, (2) prosecutorial impropriety and (3) actual innocence. The second habeas court, *Hon. William L. Hadden, Jr.*, judge trial referee, rejected these claims. This court dismissed the appeal. *Harris* v. *Commissioner of Correction*, 86 Conn. App. 903, 859 A.2d 979 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

"In his third petition, filed in 2004, in which he was represented by [David J. Reich], the petitioner raised five claims of ineffective assistance of his criminal trial counsel. The respondent, the commissioner of correction, moved to dismiss the petition on the ground that it presented the same grounds as prior petitions. The third habeas court, *Fuger, J.*, dismissed the petition on the ground that it was premised on the same legal grounds and sought the same relief as the first petition, and was supported by facts and allegations reasonably available at the time of the first petition. This court dismissed the appeal. *Harris* v. *Commissioner of Correction*, 97 Conn. App. 382, 904 A.2d 280, cert. denied, 280 Conn. 928, 909 A.2d 523 (2006)." *Harris* v. *Commissioner of Correction*, supra, 108 Conn. App. 203–204.

In his fourth petition, filed in 2005, in which he was represented by Reich, the petitioner raised several

claims challenging the effectiveness of the representation provided by his habeas counsel during his first and second petitions. The petitioner also alleged that his trial counsel was ineffective for failing to present properly his claims as to misidentification and prosecutorial impropriety. Again, the respondent moved to dismiss the petition because it presented the same grounds as prior petitions. The fourth habeas court, *Fuger, J.*, dismissed the petition on the ground that it was a successive petition and an abuse of the writ and denied the petitioner's requested certification to appeal. This court reversed and remanded the case for an evidentiary hearing on the petition for a writ of habeas corpus. Id., 211.

On remand, the court, *Nazzaro, J.*, held an evidentiary hearing on the petitioner's habeas petition. The petitioner alleged ineffective assistance of (1) trial counsel in failing to discover an exculpatory police report that demonstrated that the petitioner was misidentified, (2) first habeas counsel in failing to address trial counsel's ineffectiveness as to that misidentification issue and (3) second habeas counsel for failing to present evidence to support the petitioner's claims of prosecutorial misconduct and actual innocence. On April 2, 2009, the court issued a memorandum of decision denying the petition, and, on April 6, 2009, the court granted the petition for certification to appeal. This appeal followed.

Initially, we set forth the appropriate standard of review for a challenge to the denial of a petition for a writ of habeas corpus when certification to appeal is granted. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support

in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 122 Conn. App. 637, 641, 999 A.2d 840 (2010).

In the petitioner's present appeal, the habeas court determined that he failed to satisfy either prong of the two-pronged test set forth in *Strickland* v. *Washington*, supra, 466 U.S. 687. "A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Turner* v. *Commissioner of Correction*, 118 Conn. App. 565, 568, 984 A.2d 793 (2009), cert. denied, 296 Conn. 901, 991 A.2d 1104 (2010).

The petitioner also claims that counsel in his first and second habeas proceedings rendered ineffective assistance. "[A] person convicted of a crime is entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas corpus proceeding rendered ineffective assistance. *Lozada* v. *Warden*, 223 Conn. 834, 845, 613 A.2d 818 (1992). . . . To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective and (2) that his trial counsel was ineffective. A convicted defendant's claim that counsel's assistance

was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unworkable. . . . Only if the petitioner succeeds in [this] herculean task will he receive a new trial. This new trial would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel." (Citation omitted; internal quotation marks omitted.) *Stevenson* v. *Commissioner of Correction*, 112 Conn. App. 675, 684, 963 A.2d 1077, cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009).

This court instructed the habeas court that the claims raised by the petitioner in this petition were not successive and, therefore, must be addressed on remand. *Harris* v. *Commissioner of Correction*, supra, 108 Conn. App. 209. The habeas court, as evidenced by its thorough, well reasoned memorandum of decision, carefully reviewed the petitioner's claims and concluded that his criminal trial counsel and first and second habeas counsel performed within the wide range of reasonable professional assistance. The habeas court, in denying the petition, stated that the petitioner's claims were "woefully lacking in substantiation . . . ." We, having also reviewed the transcripts, record and briefs, agree with the habeas court's analysis of the petitioner's claims. The petitioner has failed to establish that his trial or habeas counsel were ineffective or, absent any ineffective assistance, that the first or second habeas courts would have found that he was entitled to reversal of his conviction.

The petitioner has also raised the claim that he is actually innocent of the crime of sexual assault in the first degree of which he stands convicted and that his second habeas counsel was ineffective for failing to present that claim. The habeas court addressed the petitioner's claim and found that, on the basis of the evidence, the petitioner had failed to establish by clear and convincing evidence that he is actually innocent of the crime of sexual assault of which he stands convicted. Having reviewed the evidence in the record, we agree with the court's finding that the petitioner has failed to establish his actual innocence.[1]

The judgment is affirmed.

---

[1] The court, in its memorandum of decision, ordered that "any further attempts by the petitioner to yet again use the writ of habeas corpus to attack his robbery and sexual assault convictions shall be deemed to be an abuse of the writ of habeas corpus." Insofar as the petitioner brings forth new claims, we cannot foreclose the petitioner's right to file future petitions for a writ of habeas corpus.

"In our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. . . . [I]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. . . . A petitioner is entitled, by statute, to effective assistance of habeas counsel, and a claim challenging the effectiveness of prior habeas counsel constitutes a new ground for which a petition for habeas relief may be brought. . . . When a petitioner has filed a petition for a writ of habeas corpus based on new grounds, such as the ineffective assistance of prior habeas counsel, there arises a strong presumption that [the] petitioner . . . is entitled to present evidence in support of his claims." (Citations omitted; internal quotation marks omitted.) *Harris* v. *Commissioner of Correction,* supra, 108 Conn. App. 208–209.