GERALD MOYHER *v.* COMMISSIONER OF
CORRECTION
(AC 32814)

Gruendel, Lavine and Espinosa, Js.

Submitted on briefs October 12, 2012—officially released February 5, 2013

*W. Theodore Koch III*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Melissa Patterson*, assistant state's attorney, and *Sean P. McGuiness*, deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gerald Moyher, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly found that a motion to suppress certain evidence at trial would not have been successful and therefore his trial counsel's assistance was not ineffective. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's claim. On June 13, 2003, the petitioner was arrested at a home he shared with Doreen Storer. Police officers heard an escalating verbal dispute between the petitioner and Storer and entered the home pursuant to the emergency doctrine as they were aware of a history of domestic violence between the couple, who had been drinking. *State* v. *Moyher*, 92 Conn. App. 612, 613–15, 886 A.2d 496 (2005), cert. denied, 281 Conn. 926, 918 A.2d 279 (2007). The petitioner ordered the police to leave and was observed pushing Storer. Id., 614. When one of the officers stood his ground, the petitioner pushed the officer and injured

him. Id. The police then subdued the petitioner and placed him under arrest. Id. The petitioner was charged with assaulting a police officer acting in the performance of his duties in violation of General Statutes § 53a-167c and interfering with an officer in the performance of his duties in violation of General Statutes § 53a-167a. Id., 613. A jury found the petitioner guilty as charged, and the court sentenced him to four years imprisonment followed by six years of supervised parole, with special conditions.[1] Id.

In his petition for a writ of habeas corpus, the petitioner alleged that he had received ineffective assistance of trial counsel due to his counsel's failure to file a motion to suppress certain evidence the police found inside the home and a request to charge regarding an illegal entry by the police, among other claims not relevant to this appeal. Following a hearing held on September 16, 2010, the habeas court, in an oral decision, denied the petition for a writ of habeas corpus after finding that a motion to suppress would not have been successful at trial and that the petitioner had failed to demonstrate that his trial counsel's performance was ineffective. The court also found that the petitioner was

[1] The trial court, *Rodriguez, J.*, sentenced the petitioner on the interfering with an officer conviction as follows. "[O]n the interfering/resisting, factually I believe it merges into the assault but legally it does not . . . so I'll impose an unconditional discharge . . . ." On appeal in this habeas matter, the respondent, the commissioner of correction, claims that this court lacks subject matter jurisdiction to consider the petitioner's appeal from the denial of his petition for a writ of habeas corpus with respect to the interfering with an officer conviction because the petitioner was not in custody on that charge at the time he filed the subject petition for a writ of habeas corpus. See *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 697, 6 A.3d 52 (2010). We disagree.

The petitioner has appealed from the denial of his petition for a writ of habeas corpus, which is a final judgment. Pursuant to General Statutes § 52-263, this court has subject matter jurisdiction over final judgments. See also *Fairchild Heights Residents Assn., Inc.* v. *Fairchild Heights, Inc.*, 131 Conn. App. 567, 571, 27 A.3d 467 (2011), cert. granted on other grounds, 303 Conn. 928, 36 A.3d 242 (2012).

not entitled to a jury instruction on an illegal police entry; see *State* v. *Wearing*, 98 Conn. App. 350, 356, 908 A.2d 1134 (2006), cert. denied, 281 Conn. 905, 916 A.2d 47 (2007); and that the petitioner was not prejudiced by the performance of his trial counsel. The habeas court granted the petition for certification to appeal.

We review the habeas court's denial of a petition for a writ of habeas corpus alleging the ineffective assistance of counsel under the standard established by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A petitioner must produce evidence that "(1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there is a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original; internal quotation marks omitted.) *Lapointe* v. *Commissioner of Correction*, 138 Conn. App. 454, 474, 53 A.3d 257, cert. granted on other grounds, 307 Conn. 940, 56 A.3d 948 (2012). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unworkable." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 126 Conn. App. 453, 458, 11 A.3d 730, cert. denied, 300 Conn. 932, 17 A.3d 69 (2011). On the basis of our review of the record and the law, we conclude that the court properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.