******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANCISCO JIMENEZ *v.* COMMISSIONER
OF CORRECTION
(AC 37860)

Keller, Prescott and Bear, Js.

*Argued September 21—officially released December 13, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Douglas H. Butler*, assigned counsel, for the appellant (petitioner).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Kelly Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Francisco Jimenez, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court denying his second petition for a writ of habeas corpus. He sets forth claims of constitutional violations because of the actions of trial counsel, and he claims deficient performance of trial counsel, appellate counsel, and first habeas counsel. The petitioner bases these claims on trial counsel's (1) allegedly discriminatory and improper statements during closing argument; (2) failure to pursue a motion to suppress a purportedly inculpatory statement by the petitioner; and (3) failure to call a witness. Following a trial, the habeas court denied the petitioner's second petition for a writ of habeas corpus.

After careful review of the record and the parties' appellate briefs, their oral arguments before this court, and the habeas court's thoughtful and well reasoned memorandum of decision, we conclude that the court properly denied the petition for a writ of habeas corpus. See *Harris* v. *Commissioner of Correction*, 126 Conn. App. 453, 458, 11 A.3d 730, cert. denied, 300 Conn. 932, 17 A.3d 69 (2011). There is no error.

The judgment is affirmed.

————————————————